**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOHN EDWARD FOLAND, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 22-0751 (UNA) |
| | : | |
| "ROCKI" CONTI, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

For reasons that are not entirely clear, plaintiff demands that defendant, allegedly a former law enforcement officer in Pennsylvania, be arrested and charged with assault. The Court cannot grant the relief plaintiff seeks. The decision to prosecute a particular case is left to the Executive Branch of the government, not the judiciary. *See Heckler v. Chaney*, 470 U.S. 821, 831 (1985) (noting that "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion"); *United States v. Nixon*, 418 U.S. 683, 693 (1974) (acknowledging that the Executive Branch "has exclusive authority and absolute discretion to decide whether to prosecute a case").

To the extent plaintiff intends to pursue a tort claim against defendant, it does not appear that this Court has subject matter jurisdiction. A tort claim presents no federal question, and because both parties are citizens of Pennsylvania, there is no diversity jurisdiction. *See* 28 U.S.C. §§ 1331 and 1332. Nor does it appear that the District of Columbia is the proper district for adjudication of a claim involving two Pennsylvania residents arising from events occurring in Pennsylvania. *See* 28 U.S.C. § 1391(b).

The Court, therefore, will grant plaintiff's application to proceed *in forma pauperis* and dismiss the complaint for failure to state a claim upon which relief can be granted. An Order is

issued separately.

DATE: March 30, 2022

/s/
AMIT P. MEHTA
United States District Judge